DES BOULETS.
*vs.*
GRAVIER.

*An appeal bond which states that the appeal has been taken in a suit, is not defective.*

*A contract which is to be reduced to writing, is not complete until the writing is made and signed.*

## DES BOULETS vs. GRAVIER.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The petitioner claimed the price of a schooner, which he averred he sold the defendant. The latter pleaded the general issue, and that he had reason to believe the schooner was not the property of the plaintiff.

The counsel for the plaintiff moved the court that this answer should be amended, because it contained libellous allegations against his

East'n District.
*July*, 1823.

DES BOULETS
*vs.*
GRAVIER.

client.   The judge sustained the exception, but on what grounds we do not know, and we notice the proceeding because we are unable to gather from the record what part of the answer was stricken out, or how it was amended, or on what issue the parties went to trial. There was judgment against the defendant, and he appealed.

An objection has been made to the appeal bond, because it is therein stated that the appellant had filed his appeal *in a suit*, instead of saying he had appealed *from a judgment*.   We do not see that these expressions could have at all affected the right of the appellee, to put the bond in suit, and inforce the payment of it, had the appellant failed in his appeal, and we are therefore of opinion that the objection is not well taken.

The main, indeed the only question in the cause, is whether the vendee of a moveable, where the contract is to be reduced to writing, can retract, at any time before the act is signed, and that, although he should be in possession of the thing purchased.

The authorities are express that if the parties agree that the contract is to be reduced to

East'n District.
*July*, 1823.

DES BOULETS
*vs.*
GRAVIER.

writing, it is not complete until that writing is made and signed. *Febr. par* 1, *chap.* 7, *sec.* 1, *no.* 19. *Curia Phill. Com. Terres, lib.* 1, *chap.* 12, *no.* 42. 3 *Martin,* 43. *Partida,* 5. 5 6, and they make no distinction between the sale of moveables and immoveables.

Nor do we think that the fact of Gravier having acknowledged himself to be in possession of the schooner, by directing the person who had her in charge, to take care of her for him, can prevent the application of the principle to the case before us. We regard this fact of possession, as one of those circumstances which, coupled with others, would have made the sale complete, if there had been no agreement to put it in writing. But when that agreement exists, the necessity of complying with it, arises from the parties having added that condition, to the other things required to make a legal contract. No case indeed, could occur, where the operation of the privilege of law here invoked could be examined, unless the contract was complete, independent of its being reduced to writing, and we cannot distinguish between possession and consent, and price, and the other circumstances which would make the agreement binding.

Pothier, who states the general rule to be such a it is found in the authorities already referred to, adds, that it must appear to be the intention of the parties to make the perfection of the agreement depend on the writing, for, if it was merely contemplated to secure a more authentic mode of proof, then neither party can pretend the contract was not complete. *Pothier, traité des obligations, no.* 11. Such also appears to be the opinion of *Gregorio Lopez,* in his commentary on the law of the partida, already cited, 5, 5, 6. It is unnecessary for us to say whether we are prepared to go the whole length with these commentators; for, taking the rule with the modifications they have made, and testing this case by it, we are brought to the same result, as if we pursued the literal expression of the law.

Every witness, who is examined, declares that Gravier stated certain articles belonging to the schooner, to be wanting, and assigned that, as the reason why he would not comply with the contract. Moulon, and Savary, who were present, when the parties visited the vessel in the Bayou St. Jean, depose that the defendant asked the plaintiff for the sails and rigging, and that upon the latter promising to

East'n District.
July, 1823.

Des Boulets
*vs.*
Gravier.

deliver them, the former observed, *the bargain was closed, and he would sign the act when he went to town.* The plaintiff not satisfied, told Gravier the vessel was at his charge; the latter acquiesced, and observed, when they went to town, *they would terminate the affair.* No proof has been given that these sails have been furnished by the plaintiff.

Now we see nothing in this evidence, but what we must meet with in nearly every case; namely, that the bargain was completed, by viewing the article, stipulating the price, and agreeing as to the delivery. It affords us no means of ascertaining the intention of the parties; for these things must always precede the agreement, to put the contract in writing. It is clear to us that the defendant did not conceive the agreement closed, and his expression that *he would terminate it* when he went to town, must have indicated to the plaintiff, he did not conceive *it finished then.* Such too, is the presumption, arising from the circumstance that every thing, embraced by the purchase of the schooner, was not delivered. It can hardly be supposed, that, without having viewed what he contracted for, the buyer should have intended to give his notes, and look afterwards to the

vendor's responsibility, for those objects which were wanting. Such cases we know do occur; but they are not in the usual course of trade, and, we must suppose the intention of the parties to be conformable to the ordinary transactions of men.

It is ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs, in both courts.

*Quemper* for the plaintiff, *Young* for the defendant.